UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
MAY 1 0 2017
CLERK

| | |
|---|---|
| CHRIS ZACHARIAS,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA STATE PRISON (SDSP), BOB DOOLEY, ROBERT VOLDSETH JR., STEPHANIE HAMILTON,<br><br>Defendants. | 4:17-CV-04065-LLP<br><br>ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND GRANTING LEAVE TO AMEND |

Plaintiff, Chris Zacharias, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls. He filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and moved to proceed in forma pauperis. Docket 1; Docket 2. The Court has now screened Zacharias' complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court grants Zacharias' motion to proceed in forma pauperis and grants him leave to amend his complaint.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether

the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.'" *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Zacharias reports average monthly deposits to his prisoner trust account of 42¢ and an average monthly balance of *negative* $1094.49. Docket 3. Based on this information, the Court grants Zacharias leave to proceed in forma pauperis and waives his initial partial filing fee.

In order to pay his filing fee, Zacharias must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at Zacharias's institution. Zacharias will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted[.]" 1915A(b). Although civil rights and pro se complaints must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004), "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

Zacharias fails to state a claim upon which relief may be granted. In Count I, Zacharias states that "They" are not letting him talk to "a white shirt" and tell him they do not have to allow him to call one. Docket 1 at 4. Zacharias does not explain who "they" are, who white shirts are, when this happened, or how he was injured. Therefore, Zacharias fails to state a claim upon which relief may be granted, and Count I is dismissed.

In Count II, Zacharias seeks to raise a claim against another inmate at SDSP. *Id.* at 5. A plaintiff may bring a § 1983 suit against "[e]very person who" acts "under color of any statute, ordinance, regulation, custom or usage, of any State . . . ." 42 U.S.C. § 1983. Zacharias's complaint does not state facts to suggest that his fellow inmate acted under the color of state law. Therefore, Zacharias fails to state a claim upon which relief may be granted, and Count II is dismissed.

In Count III, Zacharias seeks to raise a claim against Stephanie Hamilton, a nurse at the Mike Durfee State Prison. *Id.* at 6. Zacharias alleges that Hamilton refused treat him and said he was faking his illness when he was not. *Id.* "[A] prison official who is deliberately indifferent to the medical needs of a prisoner violates the prisoner's constitutional rights." *Letterman v. Does*, 789 F.3d 856, 861 (8th Cir. 2015). To state an Eighth Amendment claim, a plaintiff must show "a substantial risk of serious harm to the victim," and "that the prison official was deliberately indifferent to that risk of harm . . . ." *Id.* at 861-62 (citing *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)).

Zacharias fails to satisfy either prong under the Eighth Amendment. He merely alleges that Hamilton failed to treat him. He does not allege facts such as the medical treatment he required, when it was denied, how it was denied, or whether Hamilton was aware of it. Without this information, Zacharias fails to state a claim upon which relief may be granted, and Count III is dismissed.

Zacharias also does not state what relief he seeks in his complaint. The Court must have jurisdiction to grant the relief Zacharias requests in order to

hear his case. Therefore, Zacharias must state the nature of the relief he seeks. However, because denial of medical care may constitute a violation of a prisoner's Eighth Amendment rights, and because Zacharias is proceeding pro se, the Court grants him leave to amend his complaint.

Accordingly, it is ORDERED

1. Zacharias's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2. Zacharias's institution will collect the monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the Court until the $350 filing fee is paid in full.

3. The clerk of the court is directed to send a copy of this order to the appropriate official at Zacharias's institution.

4. If Zacaharias wishes to proceed with his complaint, he must file an amended complaint by June 9, 2017. If he fails to do so, his case will be dismissed without further notice. If he needs more time, he may move for an extension.

Dated this 10th day of May, 2017.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
    Deputy

5